FILED
2021 DEC 10 PM 2:47
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TERALEA MONROE,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING THIRD PARTY RACHAEL HADLEY'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 41)**<br><br>Case No. 2:21-cv-00042-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Third Party Rachel Hadley's Motion for Protective Order, (Doc. No. 41). Ms. Hadley has no personal interest in this lawsuit but she knows both parties; she is a former co-worker and social acquaintance of Plaintiff Teralea Monroe and a former employee of Defendant FinWise Bank. (*Id.* at 1, 4.) Ms. Monroe served Ms. Hadley with a subpoena to appear for a deposition and provide testimony, triggering Ms. Hadley's current motion for a protective order. Because the controversy is speculative and the motion seeks an impermissible advisory opinion, as explained below, the motion is denied.

BACKGROUND

In August 2021, Defendant FinWise Bank terminated Ms. Hadley's employment. (Mot. 1, Doc. No. 41.) As part of the termination, Ms. Hadley and FinWise Bank entered into a Severance Agreement, Release and Waiver. (*Id.*) Among other things, the agreement requires Ms. Hadley to keep the terms of the agreement confidential. (*Id.* at 2.) It also prohibits Ms. Hadley from disparaging or criticizing FinWise Bank or its affiliates. (*See id.*)

Ms. Hadley is uneasy about providing deposition testimony in response to Ms. Monroe's subpoena, in light of this severance agreement. Ms. Hadley acknowledges she does not know

1

what questions will be asked at her deposition, but she is concerned truthful responses "might require her to violate a literal interpretation of sections 5 and/or 6 of the Agreement." (*Id.*) According to Ms. Hadley, FinWise Bank refused to agree she could testify truthfully without violating the agreement. (*Id.* at 3.) Ms. Hadley argues any contractual provisions which prevent her from testifying truthfully would be void as a matter of public policy.[1] (*Id.* at 2–3.) Accordingly, Ms. Hadley seeks an order protecting her from any intimidation or interference by FinWise Bank regarding her compliance with the subpoena. Specifically, Ms. Hadley asks for an order prohibiting FinWise Bank from "taking any action, or making any future argument, in any court or tribunal," that her truthful testimony constitutes a breach of the severance agreement. (*Id.* at 1, 4.)

FinWise Bank objects to the motion on the grounds that it seeks an impermissible advisory opinion on a hypothetical situation. (Def. FinWise Bank's Opp'n to Third-Party Rachel Hadley's Mot. for a Protective Order 1, Doc. No. 52.) According to FinWise Bank, the court lacks jurisdiction to address Ms. Hadley's motion, and Ms. Hadley's failure to identify any specific questions of concern prevents the court from issuing a ruling.[2] (*Id.* at 2.)

ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure permits a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[1] Ms. Monroe filed a motion in support of Ms. Hadley's motion, noting substantial case law supports the principle that deponents may provide truthful testimony without fear of breaching their contracts. (Pl.'s Concurrence in Rachael Hadley's Mot. for Protective Order, Doc. No. 48.)

[2] Ms. Hadley replied to FinWise's opposition, arguing the opposition establishes intimidation, among other things. (*See* Reply to Def.'s Opp'n to Third Party Hadley's Mot. for Protective Order, Doc. No. 53.) The parties apparently dispute whether the court should consider this reply. (*See* Notice of Withdrawal of Third Party Rachel Hadley's Reply Brief, Doc. No. 56.) Even if the court were to consider this reply, it would not change the outcome of this motion.

burden or expense" by forbidding discovery on certain topics, specifying terms or methods of discovery, or requiring a deposition be sealed, among other things. Fed. R. Civ. P. 26(c)(1).

Ms. Hadley captions her motion as one for a protective order, but her request falls outside Rule 26.[3] Ms. Hadley does not seek limitations on the deposition, she seeks a legal ruling prohibiting FinWise Bank from making any future argument in any forum that her contemplated testimony constitutes a breach of her severance agreement. In essence, this is a request for a declaratory judgment. *See* 28 U.S.C. § 2201 (noting a declaratory judgment "declare[s] the rights and other legal relations" of the party). Because Ms. Hadley has not established a declaratory-judgment request is proper here, her request is premature and a ruling on the merits of the request would constitute an impermissible advisory opinion.

Article III of the United States Constitution "has long been interpreted as forbidding federal courts from rendering advisory opinions." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011). Thus, federal court jurisdiction is limited to "actual cases and controversies." *Shivwits Band of Paiute Indians v. Utah*, 185 F. Supp. 2d 1245, 1253 (D. Utah 2002) (internal quotation marks omitted). For a court to have jurisdiction in the declaratory-judgment context, there must be "*a real and substantial controversy* admitting of specific relief through a decree of a conclusive character, *as distinguished from an opinion advising what the law would be upon a hypothetical state of facts*." *Columbian Fin. Corp..*, 650 F.3d at 1376 (internal quotation marks omitted) (emphasis in original).

---

[3] Even if Ms. Hadley's request properly fell within Rule 26, her allegations are too broad and nonspecific. A party seeking a protective order cannot rely on speculation. *See Osteostrong Franchising, LLC v. Richter*, No. 18-1184, 2019 U.S. Dist. LEXIS 232837, at *5–6 (D.N.M. Dec. 3, 2019) (unpublished) (denying defendants' motion for a protective order regarding any potential liability arising from the disclosure of its customer list). "Rule 26 requires more than broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.* at *5 (internal quotation marks omitted).

Ms. Hadley does not meet this standard. She has simply not established the existence of a current, real, and substantial controversy. Ms. Hadley's deposition has yet to occur. To date, she does not know what questions she will be asked or whether any of her responses will implicate the provisions of her severance agreement. And Ms. Hadley has presented no evidence of intimidation or interference by FinWise Bank. The mere fact that FinWise Bank declined to agree in advance that Ms. Hadley's possible future testimony would not constitute a breach of her severance agreement is insufficient. At this stage, any dispute is hypothetical, rendering Ms. Hadley's concerns speculative. The hypothetical nature of this controversy prevents the court from meaningfully analyzing Ms. Hadley's concerns.[4] Accordingly, any ruling on the merits of Ms. Hadley's request would be advisory only, making it improper.

For all these reasons, Ms. Hadley's motion (Doc. No. 41) is DENIED. If Ms. Hadley's concerns later ripen into an actual controversy, she may take additional action as she deems fit.

DATED this 10th day of December, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[4] Ms. Hadley's argument that contractual provisions which prevent truthful testimony are void as against public policy does not change the fact that her concerns are hypothetical at this point.