UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TERALEA MONROE,<br><br>Plaintiff,<br><br>v.<br><br>FINWISE BANK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND STAY OF THE DEPOSITION OF RACHAEL HADLEY (DOC. NO. 43)**<br><br>Case No. 2:21-cv-00042-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant FinWise Bank's Motion for Protective Order and Stay of the Deposition of Rachael Hadley,[1] ("Mot.," Doc. No. 43). Although the title of FinWise Bank's motion references a protective order, it really seeks to quash Plaintiff Teralea Monroe's notice of deposition of nonparty Rachael Hadley. (*Id.* at 1.) The court previously stayed Ms. Hadley's deposition. (*See* Docket Text Order, Doc. No. 42.) Because FinWise Bank has failed to provide a sufficient basis for a protective order or order to quash, its motion is denied.

BACKGROUND

In support of its motion, FinWise Bank argues (1) Ms. Monroe did not timely identify Ms. Hadley as a potential witness, (2) Ms. Hadley does not appear to have knowledge of relevant facts, and (3) Ms. Monroe's supplemental disclosures are deficient. (Mot. 1–2, Doc. No. 43.) FinWise Bank asks that Ms. Monroe's deposition be quashed as a result. (*Id.* at 1.) If the

---

[1] The court determines no hearing is necessary and will rule based on the parties' written memoranda. *See* to DUCivR 7-1(g).

1

deposition is permitted, FinWise Bank asks that Ms. Monroe be required to establish her "dilatory conduct may be excused." (*Id.* at 2–3.) And FinWise Bank requests that, in light of Ms. Hadley's contractual agreement with FinWise Bank,[2] Ms. Monroe provide evidence as to whether Ms. Hadley has personal knowledge of facts relevant to this case. (*Id.*) If Ms. Hadley has relevant facts, FinWise Bank asks the court to permit it to conduct written discovery from Ms. Monroe and Ms. Hadley before allowing Ms. Monroe to take Ms. Hadley's deposition. (*Id.* at 3.)

Ms. Monroe opposes the motion. (Pl.'s Mem. in Opp'n to Def.'s Mot. for Prot. Order and Stay of Dep. of Rachael Hadley ("Opp'n"), Doc. No. 51.) Ms. Monroe argues her supplement was timely because she was unaware Ms. Hadley had information relevant to her case until October 6, 2021, and she supplemented her disclosures just one week later. (*Id.* at 2.) Ms. Monroe denies being engaged in gamesmanship, noting she sought a sixty-day extension of the discovery deadline, which would give FinWise Bank sufficient time to conduct any discovery it deems necessary. (*Id.*) Lastly, Ms. Monroe argues FinWise Bank's motion reflects an attempt to prevent Ms. Hadley from testifying. (*Id.* at 3.)

## LEGAL STANDARDS

The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Similarly broad are the rules

---

[2] As noted in the order denying Ms. Hadley's motion for protective order, Ms. Hadley was previously employed by FinWise Bank. In August 2021, FinWise Bank terminated Ms. Hadley's employment and Ms. Hadley and FinWise Bank entered into a Severance Agreement, Release and Waiver. One provision of the agreement requires Ms. Hadley to keep the terms of the agreement confidential. Another provision prohibits Ms. Hadley from disparaging or criticizing FinWise Bank or its affiliates. (*See* Mem. Dec. and Order Den. Third Party Rachael Hadley's Mot. for Prot. Order, Doc. No. 73.)

regarding depositions. Subject to several exceptions not applicable here, a party may "depose any person, including a party, without leave of court." Fed. R. Civ. P. 30(a)(1). However, a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" through measures including forbidding discovery or discovery on certain topics, specifying terms or methods of discovery, or requiring a deposition be sealed. Fed. R. Civ. P. 26(c)(1).

Rule 45 establishes the standards for quashing subpoenas. A court must quash or modify a subpoena which "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## ANALYSIS

Without citing or relying on any of the applicable rules, FinWise Bank seeks an order quashing the notice of Ms. Hadley's deposition—and permitting it to conduct additional discovery if the deposition is not quashed.[3]

FinWise Bank complains about the timing of the deposition notice (October 13, 2021), but the timing is reasonable when considering Ms. Monroe's representation that she was unaware Ms. Hadley possessed relevant information until October 6, 2021. The fact that Ms. Monroe did not name Ms. Hadley in her deposition as a person who may have knowledge of the facts supports this claim. Notably, the close of fact discovery was extended to December 20, 2021,

---

[3] FinWise Bank styles its motion as a motion for a protective order, but the concept of a protective order is never mentioned in the motion. And FinWise Bank makes no attempt to establish Ms. Hadley's deposition will cause it "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1).

more than two months after the notice, which mitigates any prejudice to FinWise Bank. (*See* Doc. No. 55.) Ms. Monroe subpoenaed Ms. Hadley while discovery was still open and FinWise Bank will have an opportunity to cross-examine Ms. Hadley. The timing of the deposition notice does not justify a protective order or order to quash.

Similarly, there is no basis to quash the subpoena under Rule 45 of the Federal Rules of Civil Procedure. FinWise Bank does not claim any of the circumstances listed in Rule 45 are present—for example, that it has insufficient time to comply or that the deposition requires disclosure of protected matter. And a review of the record does not establish any basis to quash the subpoena. To the extent FinWise Bank is implying the subpoena would require Ms. Monroe to divulge information protected by the severance agreement, any such claim is speculative at this point. As referenced in footnote two and discussed in the court's order denying Ms. Hadley's motion for a protective order, whether Ms. Hadley's future testimony might implicate any provisions of her severance agreement is a hypothetical question at this stage. (*See* Mem. Dec. and Order Den. Third Party Rachael Hadley's Mot. for Prot. Order, Doc. No. 73.) FinWise Bank's other stated concerns—timeliness and sufficiency of the supplemental disclosure, and lack of knowledge—do not fall under the ambit of Rule 45.

Moreover, FinWise Bank has failed to establish it has any standing to quash the subpoena. Generally, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 U.S. Dist. LEXIS 59349, at *5 (D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted). The exception is "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* (internal quotation marks omitted). However, "even where a party has standing to quash a subpoena

based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden," and on the grounds of "overly broad and relevance." *Id.* at *6–7 (internal quotation marks omitted).

FinWise Bank relies, in part, on a relevance argument. Specifically, FinWise Bank requests that in light of Ms. Hadley's contractual agreement, the court require evidence establishing Ms. Hadley has personal knowledge of facts relevant to this case. Once this is established, FinWise Bank asks the court to permit it to conduct written discovery from Ms. Monroe and Ms. Hadley before allowing the deposition to proceed. This request is rejected at the outset because FinWise Bank has no standing to move to quash a nonparty subpoena on the grounds of relevance, even if it otherwise had alleged or established standing to challenge it. *See Zoobuh, Inc.*, 2015 U.S. Dist. LEXIS 59349, at *6–7. Further, FinWise Bank provides no authority to support a claim that an opposing party's belief about the relevance of a particular witnesses' testimony is a basis to quash. Ms. Monroe is under no obligation to persuade FinWise Bank that Ms. Hadley possesses relevant evidence. Moreover, it is unclear what FinWise Bank's proposed procedure would accomplish. As noted above, any disputes regarding Ms. Hadley's contractual agreement are speculative at this time.

The cases cited by FinWise Bank do not change this outcome. According to FinWise Bank, Ms. Monroe's supplemental disclosure is inadequate because it does not detail the discoverable information in Ms. Hadley's possession. (Mot. 2, Doc. No. 43.) But FinWise Bank fails to show how an insufficient disclosure warrants quashing a deposition subpoena. FinWise Bank cites *Modern Font Applications v. Alaska Airlines*, No. 2:19-cv-00561, 2020 U.S. Dist. LEXIS 101062, at *4 (D. Utah June 8, 2020) (unpublished), but that case relates to a motion to compel initial disclosures—and no such motion is before this court. Notably, the remedy

ordered by the *Modern Font Applications* court was supplemental disclosure. 2020 U.S. Dist. LEXIS 101062, at *5. Even if Ms. Monroe's supplemental disclosure were inadequate, FinWise Bank cites no authority supporting the claim that an inadequate disclosure warrants quashing a subpoena.

Next, FinWise Bank cites *Borandi v. USAA Casualty Insurance Company*, No. 2:13-cv-141, 2014 U.S. Dist. LEXIS 141519, at *3–4 (D. Utah Oct. 2, 2014) (unpublished), in support of its argument that the deposition notice should be quashed because Ms. Monroe's supplemental disclosure is untimely.[4] But *Borandi* is distinguishable. For one thing, *Borandi* involved a motion to exclude fact witnesses, not a motion for a protective order. 2014 U.S. Dist. LEXIS 141519, at *1. For another thing, the court in *Borandi* excluded certain witnesses under Rule 37, which states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* at *3–4 (quoting Fed. R. Civ. P. 37(c)(1)). FinWise Bank does not seek to exclude Ms. Hadley as a witness pursuant to Rule 37, nor does it explain how this relates to quashing a deposition. Also of note: the court in *Borandi* found that the particular witnesses "clearly should have been included" in the initial disclosures, and that the plaintiff was aware of these witnesses at that time. *Id.* at *7–8, 11. In contrast, here, Ms. Monroe only recently learned of Ms. Hadley's knowledge of relevant facts. (Opp'n 2, Doc. No. 51.)

---

[4] FinWise Bank's motion does not address whether Ms. Monroe's supplemental disclosure complies with Rule 26 of the Federal Rules of Civil Procedure. Timeliness is not solely dependent on when the supplemental disclosure was made. Rule 26 requires a party to "supplement or correct its disclosure" "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

CONCLUSION

Where FinWise Bank has not sufficiently established a protective order or order to quash is warranted, its motion (Doc. No. 43) is DENIED. The stay of Ms. Hadley's deposition is TERMINATED.

DATED this 15th day of December, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge